WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Amy Lou Finnegan Crews,<br><br>                    Plaintiff,<br><br>v.<br><br>Carolyn W. Colvin,<br><br>                    Defendant. | No. CV-13-02458-PHX-DGC<br><br>**ORDER** |

Pursuant to 42 U.S.C. § 405(g), Plaintiff Amy Lou Finnegan Crews seeks judicial review of the Commissioner's decision finding her not disabled within the meaning of the Social Security Act. Doc. 14. For the reasons that follow, the Court will affirm the Commissioner's decision.

**I.    Background.**

Plaintiff applied for disability and supplemental security insurance benefits on December 22, 2010, alleging disability beginning January 1, 2009. Doc. 15 at 2. After a hearing on August 2, 2012 (A.R. 26-50), an administrative law judge ("ALJ") issued an opinion on August 24, 2012, finding Plaintiff not disabled (A.R. 11-20). Plaintiff's request for review was denied by the Appeals Council and the ALJ's opinion became the Commissioner's final decision. Doc. 15 at 2.

**II.    Legal Standard.**

The district court reviews only those issues raised by the party challenging the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The court

may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, less than a preponderance, and relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* In determining whether substantial evidence supports a decision, the court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* As a general rule, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

### A. Five-Step Sequential Evaluation.

To determine whether a claimant is disabled for purposes of the Social Security Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but at step five the burden shifts to the Commissioner. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

At the first step, the ALJ determines whether the claimant is engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. § 404.1520(a)(4)(ii). If not, the claimant is not disabled and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Pt. 404. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four. At step four, the ALJ assesses the claimant's residual functional capacity and determines whether the claimant is still capable of performing past relevant work. § 404.1520(a)(4)(iv). If so, the claimant is not disabled and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where he determines whether the claimant can perform any other work based on the claimant's

residual functional capacity, age, education, and work experience. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

At step one, the ALJ determined that Plaintiff meets the insured status requirements of the Social Security Act and that she has not engaged in substantial gainful activity since December 22, 2010. At step two, the ALJ found that Plaintiff has the severe impairments of depressive disorder and methamphetamine abuse, in remission since June 2011. At step three, the ALJ found that the Plaintiff does not have an impairment or combination of impairments that meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Pt. 404. At step four, the ALJ found that Plaintiff has the residual functional capacity to perform the full range of work at all exertional levels with non-exertional limitations including: her work should be limited to simple, routine, and repetitive tasks due to limitations in her concentration, persistence, and pace; she should only have occasional interaction with the public; and her work should require only occasional changes in the work setting. At step five, the ALJ concluded that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform.

**III. Analysis.**

Plaintiff identifies three issues for review. First, she argues that the ALJ failed to give adequate weight to the opinion of her treating psychiatrist, Dr. Amato. Doc. 14 at 5. Next, she argues that the ALJ "misinterprets facts" to her detriment. *Id.* at 6. Finally, she argues that the ALJ erred by rejecting Plaintiff's credibility without clear and convincing evidence. *Id.* at 7. The Court will consider each argument in turn.

**A. Weighing of Medical Source Evidence.**

**1. Legal Standard.**

The Ninth Circuit distinguishes between the opinions of treating physicians, examining physicians, and non-examining physicians. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Generally, an ALJ should give greatest weight to a treating physician's opinion and more weight to the opinion of an examining physician than to

- 3 -

one of a non-examining physician. *See Andrews v. Shalala*, 53 F.3d 1035, 1040-41 (9th Cir. 1995); *see also* 20 C.F.R. § 404.1527(c)(2)-(6) (listing factors to be considered when evaluating opinion evidence, including length of examining or treating relationship, frequency of examination, consistency with the record, and support from objective evidence). If it is not contradicted by another doctor's opinion, the opinion of a treating or examining physician can be rejected only for "clear and convincing" reasons. *Lester*, 81 F.3d at 830 (citing *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)). A contradicted opinion of a treating or examining physician "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews*, 53 F.3d at 1043).

An ALJ can meet the "specific and legitimate reasons" standard "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Cotton v. Bowen*, 799 F.2d 1403, 1408 (9th Cir. 1986). But "[t]he ALJ must do more than offer [her] conclusions. [She] must set forth [her] own interpretations and explain why they, rather than the doctors', are correct." *Embrey*, 849 F.2d at 421-22.

The Commissioner is responsible for determining whether a claimant meets the statutory definition of disability and does not give significance to a statement by a medical source that the claimant is "disabled" or "unable to work." 20 C.F.R. § 416.927(d).

### 2. Dr. Amato.

The ALJ assigned "very little weight" to Dr. Amato's opinion. She noted that although Dr. Amato had a treatment relationship with Plaintiff, "the inconsistency between her opined limitations and the records in evidence, including her own, . . . serve to undermine a large portion of the reliability therein." A.R. 18. She further noted that Dr. Amato's opinion was "extreme" and appeared to be "a reflection of the sympathy [Dr. Amato] feels for the [Plaintiff] rather than any objective or documented evidence." *Id.* The ALJ also stated that Dr. Amato's opinion "fails to provide a function-by-function

analysis" of the Plaintiff's work-related functioning, and instead "makes conclusory statements regarding generalized work-related categories." *Id.* Finally, the ALJ noted that Dr. Amato's opinion was completed in January 2011, which was prior to Plaintiff's sobriety date, making it difficult to know "what, if any, influence [Plaintiff]'s drug use may have had on [Dr. Amato's] opined limitations[.]" *Id.*

Plaintiff argues that "Dr. Amato's opinion specifically addresses functional limitations," is not conclusory, and "indicates the severity of individual mental capacities required to perform substantial gainful work." Doc. 14 at 5. She also argues that the ALJ was incorrect in stating that Dr. Amato's opinion was before her sobriety date because she "was abstaining from substance use while receiving treatment with Dr. Amato and at the time of Dr. Amato's opinion." *Id.* at 5-6.

Earlier in her opinion, the ALJ stated that she gave great weight to the opinions of two state agency medical consultants. A.R. 18. These opinions (A.R. 52-62, 64-76) assess limitations that are less severe than those assessed by Dr. Amato (A.R. 517-18). Accordingly, the Court concludes that Dr. Amato's opinion was contradicted by the opinions of the state agency medical consultants identified by the ALJ and that the ALJ was accordingly required to present specific and legitimate reasons supported by substantial evidence to support her decision to reject Dr. Amato's opinion. *See Lester*, 81 F.3d at 830-31. The Court concludes that the ALJ met this standard.

The ALJ specifically identified that Plaintiff's most recent medical records show that she is "doing well with no depression" and that her medications "have been well tolerated." A.R. 608. She further noted that Plaintiff's "abstinence from methamphetamine use has also stabilized her mental health to a great degree," and cited examples in the record showing that Plaintiff frequently missed scheduled appointments while using methamphetamine (citing A.R. 320, 322, 325, 330, 348, 350, 358, 458, 575, 599), but that "periods of sobriety have . . . been characterized by normal mental status examinations and lessened symptomology," (A.R. 334-35, 352, 526, 528, 608, 614, 648-49). The ALJ's assertions that Plaintiff's symptoms have improved and are lessened

when she is sober and compliant with medication are specific, legitimate, and supported by the record. Further, the ALJ noted inconsistencies between Dr. Amato's assessed limitations and her subsequent treatment notes, which show Plaintiff doing well on medication. A.R. 614, 636, 649. This reason is also specific, legitimate, and supported by the record. The ALJ did not err in her consideration of Dr. Amato's opinion.

### B. Consideration of facts.

Plaintiff appears to argue that the ALJ's decision was not supported by substantial evidence. Doc. 14 at 6. As discussed above, the ALJ identified treatment records showing that Plaintiff's symptoms improved with sobriety and regular treatment. She also identified the opinions of two state agency consulting physicians who concluded that Plaintiff was not disabled. A.R. 52-62, 64-76. As the Court will discuss below, the ALJ also provided clear and convincing reasons for discounting Plaintiff's subjective testimony. Although Plaintiff's brief identifies several portions of the record that she argues support her claim of disability, there is no indication that the ALJ did not consider these portions of the record. The reasons identified by the ALJ for her conclusions are those that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *See Orn*, 495 F.3d at 630. That Plaintiff disagrees with the ALJ's assessment of the evidence, without more, does not constitute legal error.

### C. Subjective Testimony.

Plaintiff argues that the ALJ erred in discounting her subjective testimony without providing clear and convincing reasons supported by substantial evidence in the record. Doc. 14 at 7. The Court does not agree.

In evaluating the credibility of a claimant's testimony regarding subjective pain or other symptoms, the ALJ is required to engage in a two-step analysis: (1) determine whether the claimant presented objective medical evidence of an impairment that could reasonably be expected to produce some degree of the pain or other symptoms alleged; and, if there is no evidence of malingering, (2) reject the claimant's testimony about the

severity of the symptoms only by giving specific, clear, and convincing reasons for the rejection. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).

First, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms. A.R. 16. Second, the ALJ found Plaintiff's statements regarding the intensity, persistence, and limiting effects of her symptoms not credible to the extent they are inconsistent with the ALJ's residual functional capacity assessment. A.R. 16.

Plaintiff mainly takes issue with the ALJ's statement that Plaintiff's global assessment of functioning ("GAF") score was not consistent with disability. Doc. 14 at 8. But this was not the only reason offered by the ALJ for discounting Plaintiff's subjective testimony. She identified several other clear and convincing reasons. She noted that Plaintiff's frequent participation in group therapy "where she was observed socializing with other members often," as well as treatment notes referring to "friends in Prescott, whom she occasionally visits," were contrary to Plaintiff's testimony that she had no friends and was uncomfortable interacting with people. A.R. 17. She noted that Plaintiff's testimony about frequent hallucinations and spending most of the day in bed was not supported by the record. *Id.* She further noted that Plaintiff's testimony that she had difficulty using public transportation was belied by records from Magellan showing that she frequently requested and received a bus pass (*see, e.g.*, A.R. 660-63). *Id.* at 18. Finally, the ALJ noted that Plaintiff's reports to treating physicians that she was writing a book about her experience, coupled with her independent living and use of public transportation, support "a finding that [Plaintiff]'s mental impairments are not work-preclusive." *Id.* at 17.

These reasons are clear, convincing, and supported by the record. The ALJ did not commit legal error by discounting Plaintiff's credibility.

**IT IS ORDERED:**

1. The Commissioner's decision is **affirmed**.

2. The Clerk is directed to enter judgment and **terminate** this action.

Dated this 14th day of July, 2014.

_____
David G. Campbell
United States District Judge